## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAN MOUZON, *et al.*, | |
| Plaintiffs | |
| v. | Civil Action No. 15-1142 (CKK) |
| RADIANCY, INC., | |
| Defendant | |
| YESENIA OLIVO, *et al.*, | |
| Plaintiffs | |
| v. | Civil Action No. 15-1926 (CKK) |
| RADIANCY, INC., *et al.*, | |
| Defendants | |

## MEMORANDUM OPINION and ORDER
(August 2, 2016)

This consolidated action represents the second coming of a putative class action regarding the no!no! Hair removal device to this Court. The Court previously dismissed all of the claims asserted in the original action, captioned *Mouzon v. Radiancy* and numbered 14-cv-722. *Mouzon v. Radiancy, Inc.*, 85 F. Supp. 3d 361, 367-68 (D.D.C. 2015) ("*Mouzon I*"). Specifically, the Court dismissed certain claims with prejudice and others without prejudice. *Id.* The Court then denied the request of the *Mouzon I* plaintiffs to amend that complaint to remedy the defects that the Court had identified regarding the claims dismissed *without* prejudice. *See id.* at 387; *Mouzon v. Radiancy, Inc.*, 309 F.R.D. 60, 66 (D.D.C. 2015) ("*Mouzon II*"). Now, twelve out of the thirteen original *Mouzon I* plaintiffs, together with additional plaintiffs, bring this putative class action against Radiancy, Inc, and its CEO Dolev Rafaeli.[1] In the Consolidated Amended

---

[1] After *Mouzon I* was dismissed, the case numbered 15-cv-1142 (*Mouzon v. Radiancy, Inc.*) was filed in this District, and other plaintiffs filed a similar case in the Southern District of New York. The latter case was transferred to this district with the parties' consent, and the Court consolidated both actions in this case. *See* ECF No. 12 (consolidating cases number 15-cv-1142 and 15-cv-1926 (*Olivo v. Radiancy, Inc.*)).

Complaint ("Compl."), Plaintiffs assert all of the claims that were dismissed *without* prejudice in *Mouzon I*—both express and implied warranty claims and a series of state-specific consumer protection act claims. For the first time, Plaintiffs also assert a consumer protection claim under the New York General Business Law that is limited to New York State plaintiffs.[2] Once again, Defendants move to dismiss. Radiancy primarily argues that the Consolidated Amended Complaint fails to state a claim because it does not remedy the defects the Court identified in *Mouzon I*. Radiancy also presents a series of arguments why specific claims asserted in the Consolidated Amended Complaint fails to state a claim. Rafaeli joins all of Radiancy's arguments and also presents separate arguments as to why the Consolidated Amended Complaint fails to state a claim against him in particular.

Before the Court is Defendant Radiancy's [20] Renewed Motion to Dismiss for Failure to State a Claim and Defendant Rafaeli's [13] Renewed Motion to Dismiss for Failure to State a Claim. Upon consideration of the pleadings,[3] the relevant legal authorities, and the record as a whole, the Court DENIES Defendant Radiancy's [20] Renewed Motion to Dismiss and GRANTS Defendant Rafaeli's [21] Renewed Motion to Dismiss. In contrast to the original

---

[2] In *Mouzon I*, Plaintiffs asserted a consumer protection claim under the New York General Business law for a putative nationwide class. 85 F. Supp. 3d at 374. That claim was dismissed with prejudice, *id.* at 377, and Plaintiffs do not purport to assert such a claim in this case.

[3] The Court's consideration has focused on the following documents:

- Def. Radiancy, Inc.'s Renewed Mot. to Dismiss for Failure to State a Claim ("Radiancy Mot."), ECF No. 20;
- Def. Dolev Rafaeli's Renewed Mot. to Dismiss for Failure to State a Claim ("Rafaeli Mot."), ECF No. 21;
- Pls.' Joint Mem. of Points and Authorities in Opp'n to Defs.' Mots. To Dismiss Pls.' Amended Class Action Complaint ("Pls.' Opp'n"), ECF No. 22; and
- Defs.' Joint Reply Mem. in Supp. of Defs.' Indiv. Mots. to Dismiss ("Defs.' Reply"), ECF No. 25.

In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision. *See* LCvR 7(f).

Complaint filed in *Mouzon I*, the Court concludes that Plaintiffs' have adequately pleaded all of their claims against Radiancy. But the Court also concludes that the Consolidated Amended Complaint fails to state a claim against Rafaeli. Accordingly, all claims against Rafaeli are DISMISSED WITH PREJUDICE.

## I. BACKGROUND

The Court presented the background of this case at length in its Memorandum Opinion accompanying the Order dismissing *Mouzon I*. *See generally* 85 F. Supp. 3d at 361-87. Given the issues presented in the pending motions, there is no need to do so again here. Instead, the Court reserves a presentation of the relevant background for the issues discussed below.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint on the grounds that it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[A] complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Rather, a complaint must contain sufficient factual allegations that, if accepted as true, "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In deciding a Rule 12(b)(6) motion, a court may consider "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint," or "documents upon which the plaintiff's complaint necessarily relies even if the document is produced not by the plaintiff in the complaint but by the defendant in a motion to

dismiss." *Ward v. District of Columbia Dep't of Youth Rehab. Servs.*, 768 F. Supp. 2d 117, 119 (D.D.C. 2011) (citations omitted).

### III. DISCUSSION

Defendant Radiancy moves to dismiss under Rule 12(b)(6), arguing that the Consolidated Amended Complaint fails to state a claim. Defendant Rafaeli moves to dismiss, as well, under Rule 12(b)(6) for failure to state a claim. He joins all of Radiancy's arguments and presents additional arguments as to why the Consolidated Amended Complaint fails to state a claim against him. The Court turns first to Radiancy's arguments, followed by Rafaeli's arguments.

#### A.  Complaint States a Claim against Radiancy

Defendant Radiancy moves to dismiss the Consolidated Amended Complaint on the basis that it fails to state a claim. The Court first addresses Radiancy's arguments regarding the implied and express warranty claims, followed its arguments regarding the state-specific consumer protection act claims.

##### 1.  Warranty Claims

Plaintiffs asserts claims for breach of express warranty; for breach of implied warranty of merchantability; and for violations of the Magnuson-Moss Warranty Act, which provides a federal cause of action for certain state warranty claims. As in *Mouzon I*, the parties disagree about what source of law governs these claims, with Plaintiffs asserting that New York law governs each of the warranty claims and Defendants asserting that the warranty claims are governed, respectively, by the state law of each plaintiff's state of residence. *See* 85 F. Supp. 3d at 383. The Court need not decide the choice-of-law question at the present time because the

Court concludes that the warranty claims survive Radiancy's motion to dismiss regardless of the source of law.[4]

With respect to the breach of express warranty claims, the Court dismissed those claims without prejudice in *Mouzon I* based on the following analysis:

> Plaintiffs identify a series of allegations in the complaint that contain representations about the product, which they allege are false. However, none of those allegations even so much as suggest that Plaintiffs were exposed to those particular representations or to the advertising containing those representations. Because Plaintiffs never allege that they actually were exposed to the specific representations that they identify as the basis for this claim, these representations cannot serve as a basis for the bargain in which Plaintiffs entered when they purchased the product. Furthermore, Plaintiffs argue that they have adequately alleged reliance, relying on the allegation that the individual plaintiffs "would not have bought the product" if they knew that the product "was unable to prevent hair regrowth and could not live up to its other representations." However, because Plaintiffs did not allege the circumstances under which they were exposed to the specific representations they identified—or indeed whether they were exposed to them at all—those representations cannot be the basis for a claim of a breach of express warranty.

*Mouzon I*, 85 F. Supp. 3d at 384 (citations omitted). The parties disagree about whether the addition to the Consolidated Amended Complaint, in comparison to the *Mouzon I* complaint, are sufficient to cure the deficiencies that the Court identified in *Mouzon I*. The Court agrees with Plaintiffs that the additional details regarding each individual plaintiff's exposure to advertising regarding the no!no! device are sufficient to remedy the previously identified defects. *See* Compl. ¶¶ 175-206. Specifically, the Court concludes that, with the new details provided in the Consolidated Amended Complaint, Plaintiffs sufficiently allege exposure to the supposedly misleading representations regarding the product and sufficiently allege reliance on those

---

[4] This conclusion allows the Court to resolve the choice-of-law question, which is often fact dependent, later in these proceedings upon a more fully developed factual record.

representations. As a result, the Consolidated Amended Complaint states breach of express warranty claims against Radiancy.

With respect to the breach of implied warranty of merchantability claims, the Court previously dismissed the claims against Radiancy without prejudice based on the following analysis:

> Plaintiffs have not adequately alleged that they have used the device and that it was not fit for the ordinary purpose for which it was intended. Even if Plaintiffs are right that the "ordinary purpose" of the product is the sort of long term hair removal that they allege was advertised, they have provided insufficient allegations to support that claim. Each individual plaintiff alleges purchasing the product but never alleges using it; as a result, they also do not allege that they were injured by its unfitness through their personal use.

*Mouzon I*, 85 F. Supp. 3d at 385. Once again, the parties disagree about whether the language that was added to the Consolidated Amended Complaint and that was not present in the *Mouzon I* complaint is sufficient to remedy the defects the Court previously identified. And, once again, the Court agrees with Plaintiffs that the additions are sufficient to remedy those defects. Specifically, the Consolidated Amended Complaint includes allegations regarding each plaintiff's use of the product and the results of attempting to use the product. *See* Compl. ¶¶ 176, 177, 179, 180-81, 183-84, 186, 189, 191, 193, 195, 197-98, 200. With these additions, the Court concludes that the Consolidated Amended Complaint states implied warranty of merchantability claims against Radiancy.[5]

---

[5] Defendants are correct that the Court noted previously that "pursuant to New York law, the question of 'fit' appears to be closely aligned with safety." *Mouzon I*, 85 F. Supp. 3d at 385 n.17. However, New York law is not definitive on this point, and it would be premature to dismiss this case at the pleadings stage based on such an assessment of New York law. Given the fact-dependent nature of the relevant inquiry, it is most proper to assess such arguments after further development of the factual record. *See Denny v. Ford Motor Co.*, 662 N.E.2d 730, 736 (N.Y. 1995) ("[I]nquiry focuses on the expectations for the performance of the product when used in the customary, usual and reasonably foreseeable manners.").

Lastly, with respect to the Magnuson-Moss Warranty Act claims, the parties agree that, if the other warranty claims survive the motion to dismiss, so too do the Magnuson-Moss claims. Because the Court concludes that the Consolidated Amended Complaint states express and implied warranty claims against Radiancy, the Court concludes that it states Magnuson- Moss claims, as well, against Radiancy.

Accordingly, for all of these reasons, the Court DENIES Radiancy's Motion to Dismiss with respect to the warranty claims.

### 2. State Consumer Protection Law Claims

In *Mouzon I*, the Court dismissed the state-specific consumer protection claims asserted by the plaintiffs because those fraud-based claims had not been pleaded with particularity as required by Federal Rule of Civil Procedure 9(b). 85 F. Supp. 3d at 380-81 (dismissing claims under the law of California, District of Columbia, Florida, Illinois, Maryland, Virginia, Colorado, West Virginia, and Pennsylvania). Once again, the parties disagree about whether the additional material in the Consolidated Amended Complaint, which was not included in the *Mouzon I* complaint, remedies the defects that the Court identified with respect to the initial complaint. And once again, the Court agrees with Plaintiffs that the additional material suffices for the Consolidate Amended Complaint to state a claim with respect to the various state-specific claims that the Court previously dismissed *without* prejudice. Specifically, the Court concludes that, as a result of the additional allegations and additional details in the Consolidated Amended Complaint, those claims are pleaded with particularity as required by Federal Rule of Civil Procedure 9(b). *See* Compl. ¶¶ 175-206.

In addition to continuing to argue that the state-specific consumer protection claims are not pleaded with particularity, Defendants also present several arguments about why the

Consolidated Amended Complaint fails to state a claim with respect to individual specific state-specific consumer protection claims. The Court reviews each of those arguments, in turn, and concludes that none of them are successful.

First, Defendants argue that the Consolidated Amended Complaint fails to state a claim under the California Legal Remedies Act because Plaintiffs did not provide adequate pre-suit notice as required by that statute. The Court agrees with Plaintiffs that their April 16, 2014, notice letter complies with the requirements of the California Legal Remedies Act, strictly construed: it gave Defendants notice of the alleged violations and gave them an opportunity to cure those violations before this litigation ensued. *See* Cal. Civ. Code § 1782(a). Because that notice was provided more than 30 days before this consolidated action was filed, the notice requirement does not bar this suit.[6]

Second, Defendants argue that the Consolidated Amended Complaint fails to state a claim with respect to several of the specific claims under California, District of Columbia, Maryland, and Virginia law because of the respective statutes of limitations. However, in this Circuit, it is well established that "[b]ecause statute of limitations issues often depend on contested questions of fact, dismissal is appropriate only if the complaint on its face is conclusively time-barred." *Bregman v. Perles,* 747 F.3d 873, 875 (D.C. Cir. 2014). Moreover, the D.C. Circuit has cautioned that "courts should hesitate to dismiss a complaint on statute of limitations grounds based solely on the face of the complaint." *Firestone v. Firestone,* 76 F.3d 1205, 1209 (D.C. Cir. 1996). As other district judges in this district have explained, "Put another way, a defendant is entitled to succeed on a Rule 12(b)(6) motion to dismiss brought on statutes

---

[6] Defendants provide no authority for their assertion that the notice effectively became stale after the first action was filed and subsequently dismissed. There is no basis to conclude that the notice was only effective for allowing *Mouzon I,* but not for allowing this action.

8

of limitations grounds only if the facts that give rise to this affirmative defense are clear on the face of the plaintiff's complaint." *Lattisaw v. D.C.*, 118 F. Supp. 3d 142, 153 (D.D.C. 2015) (citing *Smith–Haynie v. District of Columbia,* 155 F.3d 575, 578 (D.C. Cir. 1998)); *accord Campbell v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 130 F. Supp. 3d 236, 254 (D.D.C. 2015). In this case, because there is uncertainty about when the claims in this case accrued, the Court cannot conclude based on the face of the complaint alone that the applicable statutes of limitations bar the claims in this case. Further factual development is necessary before the Court may properly assess the impact of the statute of limitations on the several claims asserted in this case.[7]

Third, Defendants argue that a class action cannot be pursued under the Virginia Consumer Protection Act because Virginia law does not allow class actions, absent explicit authorization not present here. Plaintiffs argue that the availability of a class action remedy is governed by the Federal Rules of Civil Procedure rather than by Virginia law. The Court concludes that it is unnecessary to resolve this question at this stage of the proceedings. Plaintiffs are not—yet—seeking to certify any classes in this action. The question of whether a class action may be maintained with respect to the Virginia Consumer Protection Act is proper to consider at the class certification stage rather than in considering a motion to dismiss, particularly given that Defendants are not arguing (on this basis) that the Consolidated Amended Complaint fails to state a claim as to the named Virginia plaintiffs.

---

[7] Plaintiffs assert that the statute of limitations was tolled for *all* Plaintiff during the pendency of the *Mouzon I* action. Pls.' Opp'n at 35. That is simply incorrect. As the Court previously noted, the statute of limitations is only tolled only for *unnamed* putative class members. *Mouzon II*, 309 F.R.D. at 65. Plaintiffs may not twist the Court's words to suggest the contrary.

Fourth, and finally, Defendants argue that, even if the Court concludes that Plaintiffs have pleaded their state consumer protection act claims with particularity, they have not adequately pleaded reliance and/or proximate cause as required for certain state law claims in this case.[8] The Court agrees with Plaintiffs that the Consolidated Amended Complaint adequately pleads reliance and/or proximate cause insofar as it is required for the claims under California, Florida, Illinois, Maryland, Virginia, West Virginia, and Pennsylvania law. *See Mouzon I*, 85 F. Supp. 3d at 378 (outlining requirements under the several state statutes). Particularly because of the additional allegations in the Consolidated Amended Complaint, in comparison to the original *Mouzon I* complaint, the Court concludes that Plaintiffs have adequately alleged that they, individually, relied on the representations in the Defendants' advertising materials and those representations caused their alleged injuries. *See* Compl. ¶¶ 175-206. No more is necessary at this stage of the proceedings.

In addition to the state-specific consumer protection claims discussed above, the Consolidated Amended Complaint includes a claim under the New York General Business Law on behalf of the New York named plaintiffs—who were not parties to the original action—and on behalf of a putative New York subclass.

First, the Court concludes that *Mouzon I* does not pose any barrier to the newly added claim. Previously, the Court concluded that a New York General Business Law claim could not be asserted on behalf of *out-of-state* plaintiffs, and, therefore, dismissed such a claim with prejudice. *See Mouzon I*, 85 F. Supp. 3d at 374-77. But Plaintiffs now assert a New York General Business Law claim *only* on behalf of named Plaintiffs who were *not* previously parties to the

---

[8] As the parties note, the Court did not reach this issue in *Mouzon I* because it concluded that the state-specific claims had not been pleaded with the requisite particularity. 85 F. Supp. 3d at 378 & n.12.

original action and on behalf of a new putative New York subclass. *See* Compl. at 1-2 (listing of parties); *id.* ¶¶ 306-11. Therefore, the Court's previous decision does not prevent the assertion of this claim in this consolidated action.

Second, the parties dispute whether the heightened pleading standard of Rule 9(b) applies to the New York General Business Law claim. The Court need not decide this question now: the Court concludes that, even if the heightened pleading standard of Rule 9(b) is applicable, the Consolidated Amended Complaint satisfies that standard. Specifically, just as the Court concludes that the additions to the Consolidated Amended Complaint have remedied the deficiencies that the Court previously identified with respect to the *other* state-specific claims asserted in *Mouzon I*, the Court concludes that the Consolidated Amended Complaint states a claim under the New York General Business Law (the analogous New York law claim).

For all of these reasons, the Court DENIES Radiancy's motion to dismiss with respect to all of the state-specific consumer protection act claims brought in this action.

## B. Complaint Fails to State a Claim against Rafaeli

As explained above, Rafaeli moves to dismiss all of the claims asserted against him, adopting all of Radiancy's arguments and presenting several additional arguments as to why the Consolidated Amended Complaint fails to state a claim against him. Because the Court has already rejected all of Radiancy's arguments above, the Court now turns to Rafaeli's separate arguments as to why the claims against him, in particular, fail to state a claim. The Court addresses the warranty claims, followed by the state-specific consumer protection act claims.

### 1. Warranty Claims

Rafaeli argues that the warranty claims *against him* fail because he is a corporate officer and cannot be held liable for warranty claims absent contractual privity between him and the

Plaintiffs who purchased the device. Plaintiffs respond that Rafaeli can be held liable as an "agent" for Radiancy and that they have adequately pled contractual privity through the Consolidated Amended Complaint. The Court agrees with Defendants that the Consolidated Amended Complaint fails to state warranty claims against Rafaeli because of the absence of allegations supporting contractual privity.

As noted above, Plaintiffs maintain that New York law applies to all of the warranty claims in this case, while Defendants maintain that the law of the state of residence of the individual plaintiffs applies, respectively, to each plaintiff's warranty claims. Regardless of the source of law, privity of contract is required between a plaintiff and a defendant to state a warranty claim. *See Am. Fin. Int'l Grp.-Asia, L.L.C. v. Bennett*, No. 05 CIV. 8988 (GEL), 2007 WL 1732427, at *2 (S.D.N.Y. June 14, 2007) (under New York law, no basis for warranty claims against corporate officer absent heightened showing necessary to pierce corporate veil); *Bell v. Manhattan Motorcars, Inc.*, No. 06CV4972GBD, 2008 WL 2971804, at *4 (S.D.N.Y. Aug. 4, 2008) (same); *Connecticut Pie Co. v. Lynch*, 57 F.2d 447, 448 (D.C. Cir. 1932) (applying the general rule that privity is required for warranty claims); *see also, e.g.*, *All W. Elecs., Inc. v. M-B-W, Inc.*, 75 Cal. Rptr. 2d 509 (Cal. App. 4th 1998) (citing *Burr v. Sherwin Williams Co*., 268 P.2d 1041 (Cal. 1954)) (privity required for warranty claims under California law); *Karhu v. Vital Pharm., Inc.*, No. 13-60768-CIV, 2013 WL 4047016, at *6 (S.D. Fla. Aug. 9, 2013) (explaining general privity requirement under Florida law and that courts have "relaxed" that requirement only "where the express warranty was clearly intended to cover subsequent purchasers"). Moreover, there is no general exception to the privity requirement that establishes liability over corporate officers for warranty claims. *See id.*

In support of their argument, Plaintiffs primarily rely on *Hodgson, Russ, Andrews, Woods & Goodyear, LLP, v. Isolatek Int'l Corp*, 300 A.D.2d 1051 (N.Y. App. Div. 2002). However, *Isolatek* bears no resemblance to this case. In *Isolatek*, the Appellate Division of the New York Supreme Court—that is, New York State's intermediate appellate court—considered a complicated array of contractors and subcontractors who were involved in the renovation of a building. *Id.* at 1053. The Appellate Division considered whether Isolatek, a manufacture of a fireproofing material, could be held liable for injuries resulting from the use of that material. *Id.* at 1052-53. The court concluded that Isolatek could only be liable if it was in privity with plaintiffs. The court further concluded that there was a triable factual issue that precluded summary judgment—specifically whether Isolatek was in privity with the plaintiffs because a certain subcontractor was acting as an agent for both the plaintiffs and for Isolatek. *Id.* at 1053. In other words, there was a triable issue as to whether there was a direct series of links that connected the injured plaintiffs to the manufacturer of the material that caused the alleged injury.

In this case, by contrast, there is no such chain of connections that establishes privity between the Plaintiffs as purchasers and Rafaeli. Plaintiffs claim that Rafaeli appears in the advertisements of the no!no! Hair removal device and that he orchestrated the allegedly misleading advertising campaign. Plaintiff's allegations, however, are simply not enough to create the links necessary to state warranty claims against Rafaeli. Indeed, Plaintiffs' theory would sweep in numerous warranty claims against corporate officers. Whether such liability would be beneficial as a matter of policy is not for the Court to say. It is enough, instead, for the

13

Court to conclude that there is no basis in law for Plaintiffs' remarkably broad interpretation of the scope of warranty law.[9]

Because the Consolidated Amended Complaint does not adequately plead facts supporting a conclusion that Plaintiffs and Rafaeli were in privity, the Court dismisses the warranty claims against Rafaeli.

### 2. State Consumer Protection Act Claims

Rafaeli argues that, with respect to the state-specific consumer protection act claims, Plaintiffs have (1) failed to identify false representations made by Rafaeli, (2) failed to identify false representations by Rafaeli that were heard or read by Plaintiffs, and (3) failed to identify any nexus to Rafaeli that suggests fraudulent misrepresentations. Plaintiffs' only response, specifically with respect to Rafaeli, is to point to the allegation that Rafeli appeared himself in "some" of the advertising segments. *See* Comp. ¶ 92 ("Likewise, in television commercials, infomercials, and sponsored segments on HSN and QVC, Radiancy spokespersons, including CEO Rafaeli himself in some of the segments, repeatedly and forcefully reinforced and elaborated these claims of permanent hair removal with statements such as the following … "). However, notwithstanding the fact that Consolidated Amended Complaint includes individualized allegations pertaining to specific individual Plaintiffs that were missing from the *Mouzon I* complaint—as discussed above—none of those individualized allegations reference Rafaeli himself. *See id.* ¶¶ 174-200. In short, none of Plaintiffs ever allege having been exposed to any misrepresentations by Rafaeli. Without any such exposure, the consumer protection

---

[9] Plaintiffs cite *G.D. Searle & Co. v. Medicore Commc'ns, Inc.*, 843 F. Supp. 895, 904 (S.D.N.Y. 1994), for a general and unremarkable statement of agency law. But that statement has no relevance to the facts of this case.

claims against Rafaeli cannot proceed in this action. For that reason, the Court dismisses the state-specific consumer protection act claims against Rafaeli.

*       *       *

Plaintiffs have now had two opportunities to attempt to plead warranty and state consumer protection act claims against Rafaeli—in *Mouzon I* and in this action—and they have twice failed to do so successfully. Therefore, the Court concludes that " 'the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency,' " and dismissal of these claims with prejudice is warranted. *Rudder v. Williams*, 666 F.3d 790, 794 (D.C. Cir. 2012) (quoting *Belizan v. Hershon*, 434 F.3d 579, 583 (D.C. Cir. 2006)). Accordingly, all claims against Rafaeli are dismissed with prejudice.

## IV. CONCLUSION AND ORDER

For the foregoing reasons, it is hereby **ORDERED** that Defendant Radiancy's [20] Renewed Motion to Dismiss is DENIED and Defendant Rafaeli's [21] Renewed Motion to Dismiss is GRANTED.

It is further **ORDERED** that all claims against Rafaeli are DISMISSED WITH PREJUDICE.

The Court will set an Initial Scheduling Conference by a separate Order.

Dated: August 2, 2016

      /s/
COLLEEN KOLLAR-KOTELLY
United States District Judge
